# EXHIBIT A:
# PLAN OF REORGANIZATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                              Chapter 11

WALTER P SAUER LLC,                                              Case No.: 19-44154 (NHL)

                                            Debtor.
----------------------------------------------------------X

## DEBTOR'S PLAN OF REORGANIZATION
## FOR SMALL BUSINESS UNDER CHAPTER 11
## DATED APRIL 21, 2020

### ARTICLE 1: SUMMARY

       This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Walter P Sauer LLC (the "Debtor") from a plan contribution from the Debtor's principals and future income.

       This Plan provides for one class of secured claims, two classes of unsecured claims, and one class of equity security holders.

       The secured creditor will be paid in full over a period not exceeding 10 years from the order of relief.  Non-priority unsecured creditors holding allowed claims will receive payment from the plan fund, after payment of administrative and priority claims.  The Debtor estimates that unsecured creditors will receive a distribution of 5% of the allowed amount of their claims.  In the event that the Debtor recovers additional funds from avoidance actions, the net proceeds of those recoveries, after the payment of fees and expenses, shall be distributed pro rata to the unsecured creditors.

       Administrative claims will be paid in full on the effective date, or according to the terms of the obligation, or pursuant to agreement with the claimant.

       All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

       **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    <u>Class 1</u>    Secured claim of Danny Mendelson.

    2.02    <u>Class 2</u>    All general unsecured claims except Danny Mendelson.

    2.03.    <u>Class 3</u>    General unsecured claim of Danny Mendelson.

    2.04    <u>Class 4</u>    Equity interests of the Debtor.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.01    <u>Unclassified claims</u>.  Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    <u>Administrative expense claims.</u>  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority tax claims</u>.  Each holder of a priority tax claim will be paid in full, with interest, over a period of no later than 60 months after the petition date.

| Name and type of tax | Filed Amount of Claim | Treatment |
| --- | --- | --- |
| Internal Revenue Service | $0.00 | The Internal Revenue Service filed a priority tax claim which has been amended to show that $0.00 is owed.<br><br>Any allowed priority tax claims shall be paid in full in regular installments paid over a period not exceeding 5 years from the order of relief. |

3.04    <u>United States Trustee Fees</u>.  Statutory fees, and any applicable interest thereon, are all fees payable pursuant to chapter 123 of title 28, United States Code, including, but not limited to, all fees required to be paid by 28 U.S.C. § 1930(a)(6) and interest, if any, required to be paid by 31 U.S.C. § 3717 (collectively, "U.S. Trustee Fees").  U.S. Trustee Fees will accrue and be timely paid until the Case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will

be paid in full on the Effective Date of the Plan. The Debtor shall remain responsible for any and all U.S. Trustee fees that become due and shall pay same on a timely basis.

## ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of Danny Mendelson | Impaired | To be paid interest only at the note rate of 15% with a balloon payment due in 10 years. |
| Class 2 - All general unsecured claims except Danny Mendelson | Impaired | Class 2 claimants will receive a pro-rata distribution from the $125,000 plan fund, after payment of administrative and priority claims. The Debtor estimates that $45,000 will be available for distribution to general unsecured creditors and that they will receive a 5% distribution.  Additionally, the net funds from avoidance actions, after paying the costs and expenses of litigation, shall be distributed to the unsecured creditors. |
| Class 3 - General unsecured claim of Danny Mendelson | Unimpaired | Mr. Mendelson has agreed to receive no distribution on the unsecured portion of his claim. |
| Class 4 - Equity Security Holders | Impaired | Retain their interests in consideration of a contribution to the reorganization in the amount of $125,000. |

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i)    a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)    (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

3

      5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

      5.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.  All claims objections will be filed no later than 90 days after entry of the confirmation order, unless extended pursuant to order of the Court.

## ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS

      6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

Any executory contract or unexpired lease of the Debtor which has not been assumed or rejected by Final Order of the Bankruptcy Court, or which is not the subject of a pending motion to assume or reject on the Confirmation Date, shall be deemed assumed by the Debtor on the Effective Date.  By this provision, the Debtor is assuming its lease for the premises located at 276 Greenpoint Avenue, Brooklyn, New York 11222 with its landlord Avenue Management Group Ltd. as agent for Greenpoint Industrial Center, Inc.  The rent arrears will be paid pursuant to a stipulation between the Debtor and the landlord to be filed no later than one week prior to the confirmation hearing.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

      7.01    <u>Payments and Distributions</u>

Payments and distributions under the Plan will be funded by a $125,000.00 contribution to be paid by Anthony Morris and Nancy Morris.  The plan contribution shall be deposited in escrow with Debtors' counsel Morrison Tenenbaum PLLC ("MT Law") prior to the confirmation hearing.  All other plan payments will be made by the Debtors from funds generated from operations.  The Debtors counsel Morrison Tenenbaum PLLC shall be the distribution agent (the "Distribution Agent") under the plan.

      7.02    <u>Post-Petition Management</u>

Post-petition the Debtors will be managed by Anthony Morris at his current

compensation level of $2,626.66 weekly.

## ARTICLE 8: GENERAL PROVISIONS

    8.01   <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

    8.02   <u>Effective Date of Plan</u>. The Plan shall be effective and binding on the Effective Date.  The Effective Date shall be the date of initial distributions under the Plan which shall occur no later than 14 days after entry of the Confirmation Order.  It will be a condition to the Effective Date that each of the following provisions, terms, and conditions will have been satisfied pursuant to the provisions of the Plan:

    (1) The Confirmation Order shall have been entered by the Court and shall not be subject to any stay or subject to an unresolved request for revocation under Section 1144 of the Bankruptcy Code.

    (2) The Debtor shall have paid initial distributions required by the Plan.

    8.03   <u>Severability</u>.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04   <u>Binding Effect</u>.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05   <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06   <u>Controlling Effect</u>.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

    8.07   <u>Corporate Governance</u>.   The charter of the reorganized Debtor shall be amended to prohibit the issuance of nonvoting securities.

    8.08   <u>Retention of Jurisdiction</u>.   Notwithstanding Confirmation, the Court shall retain jurisdiction for the following purposes:

    (1)    Determination of the allowability of Claims upon objections filed to such Claims, and any pending litigation by the Debtor or by creditors or third parties, including but not limited to avoidance actions brought under § 547;

    (2)    Determination of requests for payment of Claims and fees entitled to priority under § 507;

(3) Resolution of any disputes concerning the interpretation of the Plan;

(4) Implementation of the provisions of the Plan;

(5) Entry of Orders in aid of Consummation of the Plan;

(6) Modification of the Plan pursuant to § 1127 of the Code;

(7) Adjudication of any causes of action including voiding powers actions commenced by the Debtor-in-Possession; and

(8) Entry of a Final Decree and closing the case

## ARTICLE 9: DISCHARGE

9.01. <u>Discharge of the Debtor.</u>  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).  Any outstanding claims for US Trustee quarterly fees and any applicable interest thereon are not discharged by the Plan.

## ARTICLE 10: OTHER PROVISIONS

10.01 <u>Unclaimed Property.</u>  Escrow of Unclaimed Property. The Post Confirmation Debtor shall hold all Unclaimed Property (and all interest, dividends, and other distributions thereon), for the benefit of the respective holders of Claims entitled thereto under the terms of the Plan.

Distribution of Unclaimed Property. At the end of one (1) year following the relevant Distribution Date of particular Cash or other property to be distributed under the Plan, the holders of Allowed Claims entitled to Unclaimed Property held pursuant to this Section shall be deemed to have forfeited such property, and all right, title and interest in and to such property shall be retained by the Debtor.

10.02 <u>Modification of the Plan</u>.  The Plan Proponents may modify the Plan at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Plan Proponents may also seek to modify the Plan at any time after confirmation only if:
(1) The Plan has not been substantially consummated and
(2) The Court authorizes the proposed modifications after notice and a hearing.

10.03 <u>Final Decree.</u>  Pursuant to EDNY LBR 3021(a), the Debtor shall file with the Court (on presentment in accordance with Local Bankruptcy Rule 2002-1) within 14 days after the entry of an order confirming a chapter 11 plan, a proposed order that shall contain a timetable with the steps proposed for achieving substantial consummation of the plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated..  The Debtor expects that a final decree will be entered in this case within 14 days following the full administration of the Debtor's estate.  Upon request, the Court may reduce or extend the time to file such application.

10.04 <u>Quarterly Reports</u>.  Until the Chapter 11 Case is closed, converted or dismissed, whichever is earlier, the Reorganized Debtor shall file quarterly reports setting forth the status of Distributions to holders of Allowed Class 1, 2, and 3 Claims. The quarterly reports shall be filed on or before the 15th day of July, October, January and April. In addition, the Disbursing Agent shall maintain an accurate register of the General Unsecured Claims.

10.05 <u>Re-vesting of Assets and Continuing Existence</u>.  As of the Effective Date, pursuant to provisions of Bankruptcy Code sections 1141(b) and (c), all property and assets of the Debtor shall be transferred to and shall vest in the Post-Confirmation Debtor free and clear of all Liens, Claims and Interests, except as otherwise expressly provided in this Plan and the Confirmation Order.

Unless otherwise agreed to by the claimant, immediately after the earlier of a Final Order of the Bankruptcy Court or the occurrence of the Effective Date, the Debtor or the Post-Confirmation Debtor shall pay all Allowed Administrative Expense Claims, including Fee Claims.

From and after the Effective Date, the Post-Confirmation Debtor will continue in existence and shall be vested with all of the Debtor's assets.

Dated: Brooklyn, New York
      April 21, 2020

                                  WALTER P. SAUER LLC

                                        /s/ Anthony Morris
                                  By: Anthony Morris

/s/ Lawrence F. Morrison
Morrison Tenenbaum PLLC
By: Lawrence F. Morrison, Esq.